UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| RELIASTAR LIFE INSURANCE COMPANY, | Case No.: 2:18-cv-01166-APG-NJK |
|---|---|
| Plaintiff | **Order Denying Intervention** |
| v. | [ECF Nos. 39, 49, 54] |
| JACLYN R. HAFTER, et al., | |
| Defendants | |

Neelu Pal, M.D. filed a "Notice/Application to be recognized as Interested Party." ECF No. 39. Defendant Jaclyn Hafter filed a motion to preclude Dr. Pal from participating in this litigation. ECF No. 49. Dr. Pal then filed a counter-motion to intervene. ECF No. 54.

Decedent Jacob Hafter represented Dr. Pal in two New Jersey lawsuits. Dr. Pal contends that Hafter improperly retained funds he recovered on behalf of Dr. Pal, that Hafter sued Dr. Pal in Clark County, Nevada for legal fees, and that Dr. Pal counterclaimed against Hafter and his law firm for the funds that were improperly withheld. ECF No. 54. Thus, Dr. Pal claims to be a creditor of Hafter's estate, which justifies her intervention into this case, to protect her ability to recover the funds that are owed to her.

Dr. Pal admits she is not a beneficiary of the life insurance policies that are the subject of this lawsuit. ECF No. 54 at 7:7. Her only interest is in having a source of funds from which to collect what she claims is owed her. But that is not enough to justify intervention as of right under Federal Rule of Civil Procedure 24(a). "To trigger a right to intervene, . . . an economic interest must be concrete and related to the underlying subject matter of the action." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). "[A] allegedly impaired ability

to collect judgments arising from past claims does not, on its own, support a right to intervention. To hold otherwise would create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit where damages might be awarded." *Id*. at 920. Because Dr. Pal has no concrete interest in or right to the proceeds of the policy at issue, her claims against Hafter's estate are not related to the underlying subject matter of this lawsuit. Intervention as of right is not permitted.

Nor is permissive intervention under Rule 24(b) appropriate either. Dr. Pal voluntarily dismissed her counterclaims in the state court case. *See* ECF No. 57 at 5-7. Thus, Dr. Pal does not appear to be a creditor of Hafter's estate. More importantly, Dr. Pal's claim does not share a common question of law or fact with the main subject of this lawsuit. Fed. R. Civ. P. 24(b)(1)(B). Dr. Pal has avenues other than this lawsuit by which she may protect any claim she has against Hafter's estate. I will exercise my discretion and deny permissive intervention.

I ORDER that Neelu Pal, M.D.'s "Notice/Application to be recognized as Interested Party" **(ECF No. 39) is DENIED**, defendant Jaclyn Hafter's motion to preclude Dr. Pal from participating in this litigation **(ECF No. 49) is GRANTED**, and Dr. Pal's counter-motion to intervene **(ECF No. 54) is DENIED**.

DATED this 2nd day of October, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE